Thomas L. Toepfer, Counsel Wet Walnut Creek Watershed Joint District No. 58 114 W. 11th Street, P.O. Box 417 Hays, Kansas 67601-8890
Dear Mr. Toepfer:
As counsel for the Wet Walnut Creek Watershed Joint District No. 58 (hereinafter District), you inquire whether the District has the authority to use watershed funds to administer and/or cost share water quality projects within the District, either individually or with other state and local agencies.
You indicate that the District wishes to engage in activities designed to identify water quality issues within the District and to expend District funds to improve water quality through the use of buffer strips, riparian area repair and other similar means. As background you explain that the District was created in 1963 and has adopted a general plan as required by K.S.A. 24-1213 wherein the District has included land treatment and pollution control as some of its objectives.
Watershed districts are governed by the Watershed District Act[1] and created to correct the problems resulting from erosion, flood waters, sediment damage and the general instability of natural water supplies. Specifically relevant to our question, a watershed district is authorized to "construct, improve, maintain and operate works of improvement including such facilities and appurtenances as necessary for the conservation of soil . . . development and utilization of water. . . ."[2] The utilization of buffer strips and riparian area repair to improve water quality alleviate flood water and sediment damage and, in our opinion, fall within the authorized expenditures set forth in K.S.A.24-1209. The District's authority to expend funds for this purpose is further supported by the District's inclusion of pollution control and land treatment as part of its objectives in its modified general plan approved by the Chief Engineer in accordance with K.S.A. 1997 Supp. 24-1214.
In regard to the District's authority to cost-share the water quality projects within the District, K.S.A. 24-1209 Tenth, authorizes the District to "cooperate and contract" with other entities and, in our opinion, includes the authority to engage in cost-sharing for improvement projects that were included by the District in their general plan.
In conclusion, it is our opinion that the K.S.A. 24-1209 authorizes the District's use of funds to administer and cost-share water quality projects which include the use of buffer strips and riparian areas repair.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Guen Easley Assistant Attorney General
CJS:JLM:GE:jm
[1] K.S.A. 24-1201 et seq.
[2] K.S.A. 24-1209 Fourth.